# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-592V
### Filed: October 28, 2014

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
DAVID DUNCAN,                      *
                                   *
              Petitioner,          *    Ruling on Entitlement; Concession;
v.                                 *    Tetanus-Diphtheria-acellular Pertussis;
                                   *    Tdap; Table Injury; Brachial Neuritis;
SECRETARY OF HEALTH                *    Brachial Plexus
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On July 11, 2014, David Duncan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges he suffered pain and weakness in his shoulder and arm following the administration of the tetanus, diphtheria, and acellular pertussis ["TDAP"] vaccine on October 26, 2012. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 6, 2014, respondent filed a status report indicating she would "concede that petitioner meets the statutory requirements for demonstrating an on-Table case of brachial neuritis" if I determined petitioner received a vaccination on October 26, 2012. Status Report at 1. After examining the evidence, I found "that petitioner received a TDAP vaccine in his left shoulder on October 26, 2012" and ordered respondent to file her Rule 4(c) report by November 7, 2014. Order and Ruling on Facts, issued Oct. 8, 2014, at 2.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

During a telephonic status conference held on October 22, 2014,[3] respondent's counsel confirmed that respondent was conceding the case in light of my ruling.  He asked if he was required to file a Rule 4(c) report or if the status report filed on October 6, 2014 and counsel's verbal confirmation of respondent's concession on October 22, 2014 was sufficient for me to rule that petitioner was entitled to compensation.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] During the call, Isaiah Kalinowski appeared on behalf of petitioner, and Michael Milmoe appeared on behalf of respondent.  Stacy Sims appeared on my behalf as the OSM staff attorney managing the case.