# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-0592V
**Filed: November 10, 2016**
TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DAVID DUNCAN, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; Appropriate Hourly Rate; Rate for Travel; Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Kalinowski, Maglio, Christopher and Toale, PA, (DC), Washington, DC, for petitioner.*
*Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 11, 2014, David Duncan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges he suffered pain and weakness in his shoulder and arm following the administration of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on October 26, 2012. Petition at 1, 4. (ECF No. 1). On March 18, 2016, the undersigned issued a decision awarding $193,000.00 in compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 51). Judgment entered on March 25, 2016. (ECF No. 53).

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 21, 2016, petitioner filed a motion requesting $44,407.70 in attorneys' fees and $1,789.22 in attorneys' costs for a total amount of $46,196.92 in attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶¶ 2-3 (ECF No. 56). Petitioner incurred out-of-pocket expenses in the amount of $588.76.[3] Thus, petitioner seeks a total award in the amount of $46,785.68.

For the reasons discussed below, the undersigned reduces this amount and awards **$41,583.15** in attorneys' fees, **$1,789.22** in attorneys' costs, and **$588.76** for petitioner's out-of-pocket expenses for a total award of **$43,961.13** in attorneys' fees and costs.

## I.  Procedural History

Petitioner filed her petition on July 11, 2014, and the case was assigned to the Special Processing Unit ("SPU"). During the next 40 days, petitioner filed his medical records, affidavit, and statement of completion. *See* Exhibits 1-6 (ECF Nos. 7-8, 10); Statement of Completion (ECF No. 11). Two weeks later, petitioner filed additional medical records. See Exhibits 7-8 (ECF No. 12).

On October 6, 2014, respondent filed a status report indicating that "[her] position is that if the Chief Special Master determines that petitioner did in fact receive a vaccination in his left shoulder on October 26, 2012, respondent will concede that petitioner meets the statutory requirements for demonstrating an on-Table case of brachial neuritis." (ECF No. 14). On October 8, 2014, the special master to whom the case was formerly assigned issued a Ruling on the Facts, finding petitioner received the Tdap vaccine in his left shoulder on October 26, 2012. (ECF No. 15). Respondent was ordered to file a Rule 4 Report. *Id.*

An initial status conference was held on October 23, 2014. During the call, respondent's counsel confirmed that respondent was conceding the case in light of the October 8, 2014 Factual Ruling. A Ruling on Entitlement, finding compensation appropriate in the case, was issued on October 28, 2014. (ECF No. 16).

During the subsequent year, the parties attempted to informally settle the issue of damages in this case. *See, e.g.*, Order, issued Aug. 26, 2015 (describing the status conference conducted that same day) (ECF No. 34). The case was assigned to the undersigned on September 9, 2015.

A status conference was conducted by the undersigned on November 3, 2015, and a hearing was scheduled for December 8, 2015 at the United States Court of Federal Claims. *See* Order, issued Nov. 9, 2015 (ECF No. 40). Prior to the hearing,

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred out-of-pocket expenses in the amount of $588.76. *See* Exhibit 34, filed as an Attachment to Pet. Motion. Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred out-of-pocket expenses in the amount of $588.76. *See* Pet. Motion at ¶ 4.

2

petitioner submitted his pre-hearing submissions which included a description of the disputed areas and documentation regarding petitioner's lost wages (specifically calculations regarding any lost overtime) and unreimbursable expenses.

At the hearing, the undersigned heard testimony from petitioner. She ordered petitioner to file updated medical records and additional documentation. *See* Exhibits 17-31 (ECF Nos. 45-48). The parties participated in further discussions, and an agreement was reached in March 2016. Respondent filed a Proffer on March 18, 2016. (ECF No. 49). The undersigned awarded compensation in the amount of $193,000.00 based on respondent's Proffer to which petitioner agreed. (ECF No. 51). Judgment entered on March 25, 2016. (ECF No. 53).

Petitioner filed his motion for attorneys' fees and costs on September 21, 2016. (ECF No. 56). Respondent filed her response approximately three weeks later. *See* Respondent's Response to Pet. Motion ("Res. Response"), filed Oct. 11, 2016 (ECF No. 57). Respondent's response contained standard language she has included in numerous vaccine cases since early February 2016.

Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00" but provides little basis or explanation for how she arrived at this proposed range. *Id.* at 3.

On October 18, 2016, petitioner filed a reply, disagreeing with respondent's assertion that she has no role in the resolution of attorneys' fees and costs and criticizing the range of fees and costs proposed by respondent as meaningless. (ECF No. 58). Petitioner contends that "Respondent's position has caused the Court to occasionally, *sua sponte*, conduct its own inquiry into petitioners' motions for fees and costs [which] puts the Court in the problematic position of serving as inquisitor as well as the finder of fact." *Id.* at 2. Petitioner argues that "this scenario can deny petitioners the opportunity to address specific issues with the requested fees and costs . . . [u]nless the Court requests clarification from petitioner before issuing a decision." *Id.*

The matter is now ripe for adjudication.

**II.      Legal Standard for Determining the Amount of Fees and Costs**

Since petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added). As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys'

3

fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and that petitioner's counsel is paid according to the local rate. *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed. *Saxton*, 3 F.3d at 1521. A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### III.     Appropriate Amount of Attorneys' Fees and Costs

#### A.  Appropriate Hourly Rates

Petitioner seeks attorneys' fees in the amount of $44,407.70 which reflects the following hourly rates: $325 for work performed in 2013, $333 for work performed in 2014, $341 for work performed in 2015, and $349 for work performed in 2016 by petitioner's counsel, Isaiah Kalinowski, and $105 to $145 for work performed by various paralegals at petitioner's counsel's firm, Maglio, Christopher & Toale, PA ("the Maglio firm"). Exhibit 32 at 1-29, filed as an Attachment to Pet. Motion.

4

To support the hourly rates sought, petitioner has filed numerous documents, including declarations from Mr. Kalinowski and Altom Maglio, the managing partner at his firm. *See* Exhibits 35-39, filed as Attachments to Pet. Motion.

### 1. Hourly Rate for Petitioner's Counsel, Isaiah Kalinowski

According to Mr. Kalinowski's declaration, he was admitted to practice in New York on October 31, 2005. Exhibit 35 at ¶ 2. Following roughly eighteen months at a litigation firm specializing in areas other than vaccine law, he worked as a law clerk in the Office of Special Masters, U.S. Court of Federal Claims, for almost four years. *Id.* at ¶ 6. After leaving the court in late 2010, he joined the Maglio firm as the first full-time employee of the Washington, DC office. *Id.* at ¶¶ 6-7. His practice consists primarily of Vaccine Program cases, and he has presented CLE-accredited programs at the three most recent judicial conferences of the U.S. Court of Federal Claims. *Id.* at ¶¶ 8, 10. As explained in Mr. Maglio's declaration, Mr. Kalinowski's rates were set by the law firm's fees committee in light of the court's recent decision in *McCulloch*.[4] Exhibit 36 at ¶ 13-14.

In the *McCulloch* case, Special Master Gowen exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case. *See McCulloch*, 2015 WL 5634323, at *3-4 (for background information regarding these events). Special Master Gowen determined the appropriate rates for the attorneys at that firm but also established tiered ranges of appropriate forum rates based on years of legal experience. The reasoning and hourly rates set in *McCulloch* have since been widely followed.

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch,* 2015 WL 5634323, at *17. He calculated the following ranges for reasonable forum rates in Vaccine Program cases:

$350 to $425 per hour for attorneys with 20 or more years of experience;
$300 to $375 per hour for attorneys with 11 to 19 years of experience;
$275 to $350 per hour for attorneys with eight to ten years of experience;

---

[4] *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. HHS*, No. 14-762V, --- Fed. Cl. ---, 2016 U.S. Claims LEXIS 1274, (Fed. Cl. Aug. 17, 2016).

> $225 to $300 per hour for attorneys with four to seven years of experience; and $150 to $225 per hour for attorneys with less than four years of experience.

*Id.* at *19. Special Master Gowen noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id*. He added that an attorney's level of experience may be increased for legal work performed during law school such as an internship in the Vaccine Program or prior judicial clerkship, especially for attorneys with experience of less than four years. *Id.* The undersigned finds the *McCulloch* decision, which is extensively reasoned, to be highly persuasive and adopts its reasoning, as well as the above ranges, for the instant analysis.

      Since Mr. Kalinowski is located in the forum, Washington, DC, he is unquestionably entitled to forum rates. Thus, it is only necessary to determine his years of experience and hourly rate within the appropriate range considering the factors described by Special Master Gowen. Mr. Kalinowski had eight to ten years of experience in 2013-15 and did not reach the 11 year level until 2016. Although the rates requested by petitioner, $325, $333, and $341 for years 2013-15, are within the range proposed in *McCulloch* for an attorney with eight to ten years, $275 to $350 per hour, the undersigned finds $325 is an appropriate hourly rate for Mr. Kalinowski's work for all three years. The undersigned recently awarded this rate for work performed by Mr. Kalinowski in 2014-15 in a reasoned decision in *McGrath v. Sec'y of Health & Human Servs.*, No. 15-275V (Fed. Cl. Spec. Mstr. Oct. 27, 2016). As noted in that decision, the hourly rate of $325 is consistent with the rate paid in *McCulloch* for work performed by several associates with only two to three years less experience than Mr. Kalinowski.[5] Furthermore, an examination of fee decisions for other attorneys being paid at forum rates reveals that a rate of $325 for work performed in 2013-15 is appropriate given the rates awarded attorneys with greater legal experience, including substantial experience in the Vaccine Program. *See, e.g.*, *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *11 (Fed. Cl. Spec. Mstr. Sept. 30,

---

[5] Specifically, the following rates were awarded in the *McCulloch* decision:

| | |
|---|---|
| Kevin Conway (45 years legal experience, 26 years vaccine experience) | $415 |
| Ronald Homer (24 years legal experience, 22 years vaccine experience) | $400 |
| Sylvia Chin-Caplan (30 years legal experience, 22 years vaccine experience) | $400 |
| Christine Ciampolillo (6 years vaccine experience) | $300 |
| Amy Schwader (7 years vaccine experience) | $285 |
| Joseph Pepper (6 years legal experience, 5 years vaccine experience) | $290 |
| Meredith Daniels (5 years vaccine experience) | $280 |
| Law Clerks | $145 |
| Paralegals | $135 |

*McCulloch*, 2015 WL 5634323, at *19-21.

2015) (awarding an hourly rate of $350 for Andrew Downing, an attorney with 19 years of legal experience).

Two of my colleagues recently addressed the issue of Mr. Kalinowski's rate for work performed 2012-14.  *See Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd* 124 Fed. Cl. 224 (2015); *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  In *Scharfenberger*, the special master determined that attorneys' fees should be awarded based upon an hourly rate of $305 for Mr. Kalinowski's work performed in 2014.  2015 WL 3526559, at *10.  In *O'Neill*, the special master determined that it was appropriate to award a slightly higher rate of $325 per hour for work performed by Mr. Kalinowski in 2012-13.  2015 WL 2399211, at *7.  The undersigned agrees that Mr. Kalinowski's 2013-15 work should be compensated at a rate of $325 per hour which falls in the upper half of the applicable *McCulloch* range.

For work performed in 2016 by Mr. Kalinowski, petitioner requests an hourly rate of $349.  In 2016, Mr. Kalinowski moved into the next higher *McCulloch* range, 11 to 19 years of experience.[6]  The *McCulloch* range for this level of experience is $300 to $375.  Thus, the rate requested for Mr. Kalinowski's work in 2016 is within the appropriate *McCulloch* range, though in the upper half of this range. Again, Mr. Kalinowski's time as a law clerk and extensive experience in the Vaccine Program warrant a higher hourly rate within his corresponding *McCulloch* range.  The undersigned finds the requested rate to be appropriate.

In support of the requested hourly rates, petitioner has filed declarations from numerous attorneys and one paralegal in other law firms, some of which have been filed in other cases, an order awarding attorneys' fees and costs in a Florida civil case, and expert reports regarding attorneys' fees and curricula vitae from William Murphy and Steven Tasher, filed previously in *Scharfenberger* and *O'Neill*, respectively.  See Exhibits 37-39.  None of these individuals appear to have experience in the Vaccine Program.  Like the special master in *Scharfenberger*, the undersigned does not find this evidence particularly helpful.  *See Scharfenberger,* 2015 WL 3526559, at *8.

Considering Mr. Kalinowski's skill, experience, quality of work, and reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the appropriate hourly rate for Mr. Kalinowski's work performed in 2013-15 is $325 and in 2016 is $349.

---

[6] Although Mr. Kalinowski reached this 11 year mark on October 31, 2016, the undersigned declines to penalize him for providing more accurate information than is often provided in these cases, i.e. the exact date of his licensure rather than simply the year.  Exhibit 35 at ¶ 2.  Going by the year of his licensure, Mr. Kalinowski is considered as being in the 11 to 19 year range for work performed in 2016.

## 2. Discounted Rate for Hours Spent Traveling

Petitioner seeks payment for travel time expended by Mr. Kalinowski to visit petitioner. *See* Exhibit 32 at 6. In his declaration, Mr. Maglio emphasizes the firm's policy of visiting petitioners in all cases, including contingency cases as well as vaccine cases. Exhibit 36 at ¶ 8. According to the billing records, Mr. Kalinowski spent 9.5 hours driving to and from petitioner's home. *See* Exhibit 32 at 6 (1st and 3rd entries dated 10/3/14). The undersigned finds this amount of time to be appropriate. However, petitioner seeks Mr. Kalinowski's full hourly rate for his travel time. The undersigned finds that he should be awarded one-half of his normal rate for these hours.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

The billing records in this case do not indicate that Mr. Kalinowski performed any work during the time he was traveling. In fact, the activity performed, driving a car, is not the type to allow for simultaneously performed substantive work. *See e.g.*, *Rodriguez*, 2009 WL 2568468, at *21 (compensating at one-half the attorney's rate when traveling by car). Since all travel occurred in 2014, petitioner will be awarded fees at a rate of $162.50 for this time, representing one-half of Mr. Kalinowski's 2014 rate, already reduced to $325.

## 3. Paralegal Rates

As indicated in Mr. Maglio's declaration, the paralegals who are Florida Registered Paralegals bill at a rate of $135 per hour, those who do not have this designation bill at a rate of $95 to $105, and paralegals working in the Washington, DC office bill at a rate of $145 per hour. Exhibit 36 at ¶¶ 22-27. In this case, the initial paralegal work was billed at a rate of $135. Thereafter, paralegal work was billed at a rate of $105 or $145, depending upon the particular paralegal performing the work.

In the same decisions cited above, *Scharfenberger* and *O'Neill*, my colleagues also addressed the issue of paralegal rates for the Maglio firm. *See Scharfenberger*, 2015 WL 3526559, *aff'd* 124 Fed. Cl. 224 (2015); *O'Neill*, 2015 WL 2399211. The special master in *Scharfenberger* found the rates up to and including $125 to be appropriate but reduced all higher rates to that maximum amount. 2015 WL 3526559,

at *10. The special master in *O'Neill* accepted all rates as reasonable, but the highest rate billed in that case was $135 per hour. 2015 WL 2399211, at *14.

The undersigned finds that the rates billed for paralegal work in this case are reasonable and will compensate petitioner at those rates.

### B. Appropriate Amount of Costs

Petitioner seeks payment for costs totaling $1,789.22. *See* Exhibit 33, filed as an Attachment to Pet. Motion. Petitioner has included the receipts or other documentation for the majority but not all of these costs. *See id.* at 2-21.

"It is petitioners' burden to substantiate costs expended with supporting documentation such as receipts, invoices, canceled checks, etc." *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004). Special masters, however, have awarded compensation for costs without documentation when "satisfied that the costs incurred were related to the proceedings . . . and were reasonable." *Erickson v. Sec'y of Health & Human Servs.*, No. 96-361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also Ceballos*, 2004 WL 784910, at *13; *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *14-15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

In this case, petitioner has failed to provide receipts for three items, involving the cost of shipping, postage, and PACER access. *See* Exhibit 33 at 1 (entries dated 7/11/14, 4/24/15, and 4/28/16). The total cost for these three items is $29.17. Additionally, petitioner has not provided documentation for a credit of $2.47. *See id.* (entry dated 5/5/16). Petitioner is showing commendable honesty in reporting this credit and need not provide that documentation.

The undersigned finds the undocumented amounts in this case to be reasonable and related to the proceedings in this case. Petitioner is awarded the full amount of costs requested.

### C. Amount Deducted

Petitioner billed 36.1 hours of time for work performed in 2014 at a rate of $333 by Mr. Kalinowski. For the 62 hours of work performed by Mr. Kalinowski in 2015, petitioner billed at a rate of $341. The undersigned has determined that an appropriate rate for Mr. Kalinowski's work in 2013-2015 is $325. Thus, petitioner's award is reduced by **$288.80** to reflect the reduction in the 2014 rate and **$992** to reflect the reduction in the 2015 rate.

The undersigned also has determined that petitioner shall be paid for Mr. Kalinowski's time spent traveling at one-half of his normal hourly rate. The undersigned calculates 9.5 hours of travel time for Mr. Kalinowski. Thus, petitioner's award is further reduced by **$1,543.75** to reflect the reduction in hourly rate from $325 to $162.50. The

9

total amount deducted from the amount of <u>attorneys' fees</u> requested by petitioner is **$2,824.55.**

The specific reductions and amounts paid are as follows:

**Attorneys' Fees:**

| Category of Hours | Hours Sought | Hours Paid | Rate Sought | Rate Paid | Amount Deducted | Amount Paid |
|---|---|---|---|---|---|---|
| 2013 Work by Mr. Kalinowski | .2 | .2 | $325 | $325 | $0 | $65 |
| 2014 Work by Mr. Kalinowski | 36.1 | 36.1 | $333 | $325 | $288.80 | $11,732.50 |
| 2015 Work by Mr. Kalinowski | 62 | 62 | $341 | $325 | $992 | $20,150 |
| 2016 Work by Mr. Kalinowski | 15.1 | 15.1 | $349 | $349 | $0 | $5,269.90 |
| Further Deduction for Travel Time | 9.5 | *Included in 36.1 above* | *$333 but already reduced to $325* | $162.50 | $1,543.75 | *Already included in $11,732.50 above* |
| Paralegal Work | | | $105 to $145 | $105 to $145 | $0 | $4,365.75 |
| **Total for Fees** | | | | | $2,824.55 | **$41,583.15** |

**Attorneys' Costs:**

| Description | Amount Billed | Amount of Receipt | Amount Deducted | Amount Paid |
|---|---|---|---|---|
| Documented Costs | $1,760.05 | $1,760.05 | $0 | $1,760.05 |
| Postage and Shipping | $29.17 | ---- | $0 | $29.17 |
| **Total for Costs** | | | $0 | **$1,789.22** |

## IV. Conclusion

The undersigned has determined that an appropriate hourly rate for petitioner's counsel in this case, Mr. Kalinowski of Maglio, Christopher & Toale, PA is $325 for work performed in 2013-15 and $349 for work performed in 2016. Additionally, the undersigned finds that counsel should be paid one-half of his normal rate for time spent traveling. No other deduction is warranted.

The undersigned awards **$41,583.15** in attorneys' fees, **$1,789.22** in attorneys' costs, and **$588.76** for petitioner's out-of-pocket expenses for a total award of **$43,961.13**[7] **as follows:**

- **A lump sum of $43,372.37, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Isaiah Kalinowski; and**

- **A lump sum of $588.76, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.